# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LARRY BETHEL                                                  :
  3047 Vista Street N.E.                              :
  Washington, D.C. 20018                              :
                     :
          Plaintiff,            :           Case No.

       v.                                 :

                     :

JOSE RODRIGUEZ                                              :
  POLICE OFFICER BADGE 7114                      :
  5TH DIST. 1805 Bladensburg Rd. N.E.     :
  Washington, D.C.  20002                           :

                     :

METROPOLITAN POLICE DEPARTMENT
DISTRICT OF COLUMBIA                                  :
  Serve:                                               :
  Karl Racine Attorney General                    :
  441 4th Street N.W.                        :
  Washington, D.C. 20001                           :

                     :

NELSON BENTON                                            :
  Asset protection specialist                       :
  Home Depot                                          :
  901 Rhode Island Ave. N.E.                      :
  Washington, D.C. 20018                           :
THE HOME DEPOT USA                                 :
  A DELAWARE CORPORATION INC           :
  Serve:                                               :
  Registered Agent                                   :
  Corporation Service Company                   :
  Registered Agent for Home Depot Inc.        :
  1090 Vermont Avenue N.W.                      :
  Washington, D.C. 20005                           :

                     :

      Defendants.                                    :

## COMPLAINT AND JURY DEMAND

**VIOLATION OF CONSTITUTIONAL RIGHTS; GROSS NEGLIGENCE, NEGLIGENCE, FALSE ARREST AND IMPRISONMENT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT SUPERVISION, TRAINING AND MAINTENANCE OF PERSONEL; ARREST WITHOUT PROBABLE CAUSE; MALICIOUS PROSECUTION; SEARCHES, SEIZURES AND ARRESTS MADE WITHOUT PROBABLE CAUSE; ASSAULT; LIABILITY FOR PUNITIVE DAMAGES; DEFAMATION; FALSE SWEARING**

### JURISDICTION AND VENUE

1.     This action arises under the Constitution of the United States and 42 U.S.C. §§ 1983 and 1988. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1332, 1343 and 2201. This Court also has supplemental jurisdiction over related District of Columbia common law claims pursuant to 28 U.S.C. § 1367, in that the common law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this judicial district because all of the events or omissions giving rise to the claims asserted herein occurred within the District of Columbia.

### PLAINTIFF

3.     Plaintiff Larry Bethel is a citizen of the United States and at all times relevant to these matters resided at 3047 Vista Street N.E. Washington, D.C. 20018.

4.     Plaintiff Bethel is a black American.

2

5.   Plaintiff Bethel brings this action in order to redress deprivations of the rights secured to him by the United States Constitution and the common law of the District of Columbia caused by the Defendants.

## DEFENDANTS

6.   Defendant Jose Rodriguez ("Rodriguez") Metropolitan Police Department Officer badge number 714 is a citizen of the United States and can be reached at MPD station  5TH District, 1805 Bladensburg Rd. N.E. Washington, D.C.  20002

7.   At all relevant times, Defendant Rodriguez was a duly licensed police officer and was employed as a patrolman by Defendant District of Columbia in the District of Columbia Metropolitan Police Department ("MPD").

8.   At all relevant times, Defendant Rodriguez was an employee acting under the color of law within the scope of his employment with the District of Columbia and Metropolitan Police Department.

9.   Defendant Rodriguez is being sued in his official capacity and in his individual capacity.

10.   Defendant District of Columbia is a municipal corporation organized pursuant to the laws of the United States, with the authority to sue and be sued, and the local government for the territory constituting the permanent seat of the federal government of the United States.

11.    At all relevant times, Defendant District of Columbia was responsible for the operation of the Metropolitan Police Department as a department of the local government.

12.    At all relevant times, Defendant District of Columbia was responsible for the policies, procedure, rules, regulations, and customs set forth and utilized for the operation of the Metropolitan Police Department.

13.    Defendant Nelson Benton is a citizen of the United States and can be reached at 901 Rhode Island Avenue N.E. Washington, D.C. an employee of the Home Depot USA, a Delaware Corporation Inc.

14.    At all relevant times, Defendant Home Deport USA, a Delaware Corporation Inc., Atlanta Store Support Center, 2455 Paces Ferry Road NW, Atlanta, Ga, 30339, with multiple retail centers in the United States and several foreign countries, was responsible for the policies, procedure, rules, regulations, and customs set forth and utilized for the operation of the Home Depot USA a Delaware Corporation Inc.

15.  At all relevant times, Defendant Home Deport USA, a Delaware Corporation Inc., employed Defendant Nelson Benton as an asset protection specialist; who was acting within the scope of his employment when on July 19, 2019, and July 20, 2019, he falsely accused Plaintiff Bethel of removing property, a window room air

conditioner, of the Home Depot USA a Delaware Corporation Inc., from its retail store at 901 Rhode Island Ave. N.E. Washington D.C. without paying for the same.[1]

## ALLEGATIONS COMMON TO ALL COUNTS

16.   Plaintiff Larry Bethel owns gold colored Toyota bearing DC tags of ES4837 and at all times relevant to this matter, he did not loan his car to anyone. On July 19, 2019, at approximately 9:30 A.M. Plaintiff Bethel visited the Home Depot retail store located 901 Rhode Island Ave. N.E. Washington D.C. Plaintiff Bethel had recently finished his shift at his job with the Washington Hospital Center. Plaintiff Bethel is a valued and trusted employee at the hospital and is a working dynamo who often working long hours, prior to July 19, 2019.   Plaintiff Bethel parked his vehicle in the parking lot provided by Defendant Home Depot near the entrance to the retailer.

17.   Moments after Plaintiff Bethel entered Home Depot he was brought under electronic surveillance by Defendant Benton. Plaintiff did nothing unusual and was not acting in any way to attract the attention of Defendant Benton. Plaintiff was monitored by Defendant Benton from a location inside the Home Depot.

---

[1] It well settled that "[u]nder the doctrine of respondeat superior, an employer may be held liable for the acts of his employees committed within the scope of their employment." Boykin v. District of Columbia, 484 A.2d 560, 561 (D.C.1984)

18.  Plaintiff Bethel went to the section of the store where he selected a window room air conditioned and placed the same inside a shopping cart that he obtained earlier.  See **Exhibit 1**

19.   Plaintiff Bethel was continually monitored by Defendant Benton by video and audio recording.  Plaintiff Bethel made his way to a cash resister or point of sale to pay for the merchandise.

20.  Plaintiff Bethel, under the continuing eye of Defendant Benton, was observed to use his visa card to pay for the merchandise.  See **Exhibit 2,** See **Exhibit 3, 3A** (**Exhibits 2, 3, 3A** are the sales receipt and the bank statement of Plaintiff Bethel respectively, that reflect the transaction on July 19, 2019, the amount and the time of transaction, that is also consistent with **Exhibit 1**).  Plaintiff Bethel went to a Home Depot employee who was operating the cash register by the name of "Tanya" to pay for the air conditioner.  See **Exhibit 2**

21.   Plaintiff Bethel was issued a sales receipt memorializing the transaction. . See **Exhibit 2** See **Exhibit 3, 3A**

22.  The sales receipt that was issued to Plaintiff Bethel at the register carried the following notations of proof and authenticity:  The receipt bears the Home Depot logo, with the stores address, the date of the transaction, July 19, 2019, and approximate time, 9:30 A.M., the name of the cashier, "Tanya," last four digits of

the visa card used by Plaintiff Bethel …7521, identification of merchandise

084691830689 AEL06LX <A> Total $200.00.

23.   Defendant Benson, who watched Plaintiff Bethel during the entire time that

Plaintiff Bethel was in the Home Depot store, would later report to Defendant

Rodriguez: " W1 [Defendant Benton] (asset protection specialist for Home Depot)

was conducting routine surveillance of the sales floor when he observed S1

[Plaintiff Bethel] select a Window A/C unit and place it into a shopping cart.  S1

then was observed walking towards the main entrance where he passes all points of

sale and exits the store with the stolen merchandise.  W1 responded outside and

observed S1 enter a gold colored Toyota bearing DC tags of ES4837."   See

**Exhibit 4**

24.    Defendant Benton would also report to Defendant Rodriguez on July 20,

2019, whom he knew was applying for an arrest warrant for Plaintiff Bethel, the

following false claim, "that Plaintiff Bethel had stolen the air conditioner."

Defendant Benton knew this to be false as the true facts should have been fresh in

his mind as the event occurred one day before his statement.  Defendant Benton

also had the video footage available for review but was determined to put forth a

false assertion about Plaintiff stealing the air conditioner.   Defendant Benton

defamed Plaintiff Bethel when he, while on duty for Home Depot, spoke in a

defamatory way about Plaintiff Bethel to Defendant Rodriguez.  When Defendant

Benton told Defendant Rodriguez that Plaintiff Bethel stole the air conditioner he

defamed him:

> (1) the defendant made a false and defamatory statement concerning
> the plaintiff; (2) the defendant published the statement without
> privilege to a third party;(3) the defendant's fault in publishing the
> statement amounted to at least negligence; and (4) either the
> statement was actionable as a matter of law irrespective of special
> harm or its publication caused the plaintiff special harm.

Here, the statement is so damaging there is no need for certain damages.

> Some statements of fact are so egregious that they will always be considered
> defamatory. Such statements are typically referred to as defamation "per se."
> These types of statements are assumed to harm the plaintiff's reputation,
> without further need to prove that harm. Statements are defamatory per se
> where they falsely impute to the plaintiff one or more of the following things: a
> criminal offense;

25.  Defendant Benton, as a trained asset protection specialist, should have

recognized and stated the six, critical elements that establish probable cause for

arrest of Plaintiff Bethel.  These elements would provide probable cause for the

arrest of Plaintiff Bethel if true.

26.  Defendant Benton had to provide proof of the following as the reporting

person for the issuance of an arrest warrant for Plaintiff Bethel on the charge of

theft.

27.  Defendant Benton had to: (1) see the shoplifter approach the merchandise, (2)

see the shoplifter conceal, carry away or convert the merchandise;(3)  maintain

continuous observation of the shoplifter; (4)  see the shoplifter fail to pay for the

merchandise;  (5) approach the shoplifter outside of the store to confirm the theft.

28.  Defendant Benton saw Plaintiff approach the merchandise, pick out and load the merchandise on his shopping cart, he maintained observation of the Plaintiff, Defendant Benton observed the Plaintiff pay for the merchandise (although Defendant Benton claims Plaintiff did not pay for the merchandise---his claims are not supported by the evidence), and finally Defendant Benton should have approached and confronted the Plaintiff Bethel in the parking lot.   Critical to the failure of probable cause here is that Plaintiff paid for the merchandise and Defendant Benton's failure to approach Plaintiff in the parking lot to confront him with the alleged theft.  Defendant Benton did get identifying information for Plaintiff Bethel but that proves nothing.  Defendant Benton had no probable cause to detain Plaintiff Bethel nor did he have a sufficient basis to arrest Plaintiff Bethel for theft.

29.  When Defendant Benton notified the Metropolitan Police Department and made his report on July 20, 2019, he had an opportunity to review all of the evidence, most notably examine the transactions at the register of "Tanya" for July 19, 2019, and conclude that Plaintiff Bethel paid for the merchandise that he (Defendant Benton) claimed was stolen.

30.  Defendant Benton, in the course of his employment with Defendant Home Depot, negligently carried out this false report and or purposely and recklessly made a false claim against Plaintiff Bethel.

31.   When Defendant Rodriguez interviewed Defendant Benton, he Defendant
Rodriguez, negligently failed to investigate the evidence provided by Defendant
Benton with reference to the false allegation that Plaintiff Bethel stole merchandise
from Defendant Home Depot on July 19, 2019.

32.   The MPD maintains written policies and procedures for the obtaining
and service of arrest warrants to which Defendant Rodriguez and all other
Department employees had and have a duty to abide.[2]

33.   The MPD's written internal policies and procedures provide that arrest
warrants shall only be issued and served based on probable cause that
would lead a reasonable, prudent, and cautious police officer to believe a crime has
been committed.

34.   The MPD's written internal policies and procedures also require that
each and every member of the Department who applies for a warrant must
corroborate the facts stated in an affidavit submitted in support of the application
and determine the accuracy, validity, and truthfulness of all information presented.

35.   Defendant Rodriguez, acting as an employee for Defendant District of
Columbia, in his capacity as a police officer for the District of Columbia, owed a
duty to Plaintiff Bethel to perform his police duties in accordance with the MPD's
internal written policies and procedures and without violating their constitutional

---

[2] *See Morgan v. District of Columbia*, 449 A.2d 1102, 1109 (D.C. 1982).

rights under the Fourth Amendment of the United States Constitution to be secure from state actions that result in unlawful arrests made without probable cause and/or based on false affidavits.

36.   Defendant Rodriguez breached his duties to Plaintiff Bethel by subjecting him to an unlawful arrests made without probable cause and/or based on a false affidavits.

37.   At the time Defendant Rodriguez committed this unlawful conduct towards Plaintiff Bethel, he was acting in the scope of his employment as a police officer employed by the District of Columbia Metropolitan Police Department and was acting on behalf of and in the interests of his employer, Defendant District of Columbia.

38.   At the time Defendant Benton committed this unlawful conduct towards Plaintiff Bethel, he was acting in the scope of his employment as an asset protection specialist for Defendant Home Depot, employed by Defendant Home Depot and was acting on behalf of and in the interests of his employer, Defendant Home Depot.

39. At the time, as a direct and proximate result of Defendants' wrongful conduct, Plaintiff Bethel suffered significant emotional pain, suffering, fear and shame, and other damages.

40. After Defendant Rodriguez interviewed Defendant Benton Defendant Rodriguez should have reviewed the surveillance tape in its entirety.  After that review Defendant Rodriguez knew, or should have known, that the video did not corroborate the allegations that Defendant Benton had asserted against Plaintiff Bethel.

41.  Defendant Rodriguez reported his investigation to a superior Officer Araz Alali badge number 8984 who approved the request for an arrest warrant for Plaintiff.  This procedure is memorialized in the internal narrative section of form MPD CCN 19127017. See **Exhibit 4**

42.  Upon information and belief, between on or about July 20, 2019 and August 20, 2019, Defendants District of Columbia was able to obtain an arrest warrant for Plaintiff Bethel, bearing the following numbers 2019CCW004297.  The facts supporting that affidavit for the arrest warrant was based upon false statements.

43.  Plaintiff Bethel was unaware of the Defendants activities with reference to obtaining an arrest warrant for him, from July 20, 2019 thru August 20 2019. However, Plaintiff Bethel became shockingly aware, on August 20, 2019, when Defendants District of Columbia appeared at Plaintiff's home 3047 Vista Street N.E. Washington, D.C., at 7:00 A.M. in the morning to arrest him.

44. Defendant District of Columbia appeared at Plaintiff's door and after a loud knock and a full throated, "Open the door police."  Witness 1 who is a 90 year old relative of Plaintiff Bethel answered the door..

45.  Witness 1 related that: at approximately 7:30 A.M. Witness 1 was aroused by a loud knocking at the door at 3047 Vista Street N.E.  Witness 1 answered the door and found armed, uniformed MPD officers were at the door.

46.  The police had arrived in three cars which were parked in front of Witness 1's home.  The officers demanded to know if Plaintiff, Larry Bethel was home. The officer announced that they had an arrest warrant for Plaintiff for stealing.

47.  Witness1 repeated what the officers told him about Plaintiff as he was shocked about the arrest warrant and the nature of the warrant; as it was first announced by an Officer Harmon who appeared to be in charge.

48.  Witness 1 saw that the officers had guns, three were on Witness'1 front porch and another group was on the sidewalk. The officers on the sidewalk were paying attention to the front door and Witness 1.

49.  Witness 1 remembers that the some of the Officers walked down the steps when they saw someone who turned out to be Witness 2.  Witness 2 was stopped and confronted by the officers.

50.  Witness 2 advised the officers when asked if he knew Plaintiff.  Witness 2 answered in the affirmative.  Officer Hamon or another officer told Witness 2 that

they were looking for Plaintiff Bethel because they had an arrest warrant for him

for theft.

51.   Officer Hamon gave Witness 1 a business card for Plaintiff with a telephone

number on it.  The card listed another officer's name in print and Officer Harmon's

name in writing.  The number for Officer Harmon was written on the card as well.

See **Exhibit 5, 5A**

52.  Plaintiff Bethel was alerted by Witness 1 and other family that he was wanted

by the police, who had a warrant for his arrest.  Plaintiff was frantic with worry.

53.  Plaintiff Bethel attempted to reach Off. Harmon but was not successful.

Plaintiff Bethel finally was able to reach Off. Harmon who advised Plaintiff that

there was an arrested warrant out for Plaintiff, for a charge theft.  Plaintiff

protested and advised that he had not stolen anything.  However, Plaintiff Bethel

agreed to turn himself in to the police based upon the outstanding arrest warrant.

54.  On August 21, 2019, at approximately 12:28 A.M. the Plaintiff Bethel

appeared at the 5th District Police Station on Bladensburg Rd. N.E.  Washington,

D.C. Plaintiff consistent with his conversation with Off. Harmon was turning

himself in with reference to the arrest warrant that Off. Harmon said was out for

him.

55.  Plaintiff Bethel surrendered to an Officer Dennis who processed him and

directed questions to him.  Plaintiff Bethel was kept at the police station for

investigation and was not free to leave at his own accord. Plaintiff Bethel was placed on the detention journal at 5th District with reference to the arrest warrant. Plaintiff Bethel was fearful and not free to leave the station. At the time of the initial investigation on July 19, 2020, Defendant Rodriguez was aware that Plaintiff Bethel had no police record and although chronologically aged Plaintiff Bethel had no experience with the police.

When the police appeared at the home of Plaintiff Bethel in the early morning hours of August 20, 2019, Witness 1 reported that experience was disquieting and disturbing. Had Plaintiff been home he would have most assuredly been touched by the police, frisked, monitored with great care in police presence and handcuffed. Plaintiff would have been lead away in handcuffs and placed in a police car for transport.

Defendant Rodriguez knew or should have known that Plaintiff Bethel would be pursued by the warrant squad. These officers are trained to handle and process fugitives and those wanted with legitimate arrest warrants. To successfully plead assault a litigant must be able to show that a defendant intentionally created "an imminent apprehension of …a harmful or offensive …contact and that the plaintiff or litigant experienced such an apprehension. *Jackson v. District of Columbia,* 412 A.2d 948,956 (D.C. 1980) *accord Evans-Reid v. District of Columbia,* 930 A.2d 930,937 (D.C. 2007). Thus, if a defendant acts knowing with substantial certainty

that his action will cause a third party to create the apprehension of imminent

harmful or offensive contact in another, he is liable for assault.  This apprehension

is more pronounced when the target of the arrest warrant knows he did nothing

wrong and the police know that the alleged arrest warrant is void as no probable

cause existed for its issuance.

56.  Officer Harmon, Defendant Rodriguez, nor any other MPD appeared at the 5th

District to take the Plaintiff into custody on August 21, 2019 and no copy of the

arrest warrant was ever located or served on Plaintiff Bethel.  However, during

Plaintiff's investigation for this civil suit form MPD CCN 19127017 was

discovered indicating Plaintiff Bethel's case had been "Cleared by arrest [on]

(August 21, 2019)".   See **Exhibit 4**

Plaintiff was advised that he could leave the police station but should be wary as

arrests warrants could remain in the system.  Plaintiff Bethel was released after a

an entry was made on the "Detention Journal"

57. Plaintiff Bethel sought legal advice about this ordeal and has investigated this

matter.  On January 10, 2020, Plaintiff filed a 12 D.C. Code 309 notice See

**Exhibit 6;** Letter dated January 15, 2020 from Defendant District of Columbia

confirming receipt of the 12-309 letter See **Exhibit 7;** letter dated January 30,

2020, from Defendant District of Columbia denying liability and confirming the

"MPD officers had a valid warrant…" See **Exhibit 8;** letter of notice to Home

16

Depot Oct. 19, 2019, See **Exhibit 9;** letter from Home Depot confirming receipt of letter of notice, Oct. 19, 2019 See **Exhibit 10.**

Since Plaintiff Bethel has learned that an arrest warrant was out for his arrest he has suffered mental anguish and physical harm.  Plaintiff Bethel has consulted with a counselor and sought medical help for physical symptoms of pain weakness and upset stomach.  Plaintiff Bethel has sought and continues to receive treatment for his mental health and his physical health.  Plaintiff Bethel has been diagnosed with Post Traumatic Stress Disorder.

### COUNT ONE
**(Defendant Rodriguez's Violation of Plaintiff Larry Bethel's Fourth Amendment Rights Under 42 U.S.C. § 1983 – Searches, Seizures and Arrests Made Without Probable Cause)**

58. Plaintiffs incorporate by reference each preceding paragraph as if fully set forth herein.

59. At all relevant times, Plaintiff Larry Bethel had a constitutional right under the Fourth Amendment of the United States Constitution to be secure from state actions that result in unlawful searches, seizures, and arrests made without probable cause.

60. At all relevant times, Defendant Rodriguez was a state actor acting under the color of law, custom, or usage of the District of Columbia and on behalf of and in the interests of his employer, Defendant District of Columbia.

61. Defendant Rodriguez and other police officers acting on his behalf and/or

direction pursued, searched, seized, and arrested/detained Plaintiff Larry Bethel, all

without probable cause to believe that he had committed or was about to commit a

crime.

62. Defendant Rodriguez did not have a good faith or reasonable belief that

probable cause existed to seize or arrest Plaintiff Larry Bethel.

63.   As a direct and proximate result of Defendant Rodriguez's wrongful

conduct, Plaintiff Larry Bethel suffered significant emotional pain, physical pain,

suffering, fear and shame, and other damages.

### COUNT TWO
**(Defendant Rodriguez's Violation of Plaintiff Larry Bethel's
Fourth Amendment Rights Under 42 U.S.C. § 1983 – Malicious Prosecution)**

64. Plaintiffs incorporate by reference each preceding paragraph as if fully

set forth herein.

65. At all relevant times, Plaintiff Larry Bethel had a constitutional right

under the Fourth Amendment of the United States Constitution to be secure from

state actions that result in criminal prosecutions initiated and/or advanced without

probable cause.

66.   At all relevant times, Defendant Rodriguez was a state actor acting under

the color of law, custom, or usage of the District of Columbia and on behalf of and

in the interests of his employer, Defendant District of Columbia.

67.    Defendant Rodriguez initiated and advanced criminal proceedings against

Larry Bethel without probable cause to believe that he had committed a crime.

68. Defendant Rodriguez's actions caused Plaintiff Larry Bethel to be

unreasonably seized, arrested, and prosecuted without probable cause, in violation

of the Fourth Amendment, and he is therefore liable for the malicious prosecution

of him.

69. As a direct and proximate result of Defendant Rodriguez's wrongful

conduct, Plaintiff Larry Bethel suffered significant emotional pain, physical pain,

suffering, fear and shame, and other damages.

<div align="center">

**COUNT THREE**
**(Defendant Benton's Violation of Plaintiff Larry Bethel's**
**Fourth Amendment Rights Under 42 U.S.C. § 1983 – Searches,**
**Seizures and Arrests Made Without Probable Cause)**

</div>

70. Plaintiffs incorporate by reference each preceding paragraph as if fully

set forth herein.

71. At all relevant times, Plaintiff Larry Bethel had a constitutional right

under the Fourth Amendment of the United States Constitution to be secure from

state actions that result in unlawful searches, seizures, and arrests made without

probable cause.

72. At all relevant times, Defendant Rodriguez was a state actor acting under

the color of law, custom, or usage of the District of Columbia and on behalf of and

in the interests of his employer, Defendant District of Columbia.

73. Defendant Rodriguez and other police officers acting on his behalf and/or direction pursued, searched, seized, and arrested/detained Plaintiff Larry Bethel, all without probable cause to believe that he had committed or was about to commit a crime.

74.   Defendant Rodriguez did not have a good faith or reasonable belief that probable cause existed to seize or arrest Plaintiff Larry Bethel.

75.   As a direct and proximate result of Defendant Rodriguez's wrongful conduct, Plaintiff Larry Bethel suffered significant emotional pain, physical pain, suffering, fear and shame, and other damages.

## COUNT FOUR
**(Defendant Benton's Violation of Plaintiff Larry Bethel's
Fourth Amendment Rights Under 42 U.S.C. § 1983 – Malicious Prosecution)**

76. Plaintiffs incorporate by reference each preceding paragraph as if fully set forth herein.

77. At all relevant times, Plaintiff Larry Bethel had a constitutional right under the Fourth Amendment of the United States Constitution to be secure from state actions that result in criminal prosecutions initiated and/or advanced without probable cause.

78.   At all relevant times, Defendant Benton was acting under the color of law, custom, or usage of the District of Columbia and on behalf of and in the interests of his employer, Home Depot USA.

79.   Defendant Benton initiated and advanced criminal proceedings against

Larry Bethel without probable cause to believe that he had committed a crime.

80. Defendant Benton's actions caused Plaintiff Larry Bethel to be

unreasonably seized, arrested/detained, and prosecuted without probable cause, in

violation of the Fourth Amendment and he is therefore liable for the malicious

prosecution of him.

81. As a direct and proximate result of Defendant Benton's wrongful

conduct, Plaintiff Larry Bethel suffered significant emotional pain, physical pain,

suffering, fear and shame, and other damages.

### COUNT FIVE
### (Defendant Rodriguez's False Arrest And
### False Imprisonment of Plaintiff Larry Bethel)

82. Plaintiffs incorporate by reference each preceding paragraph as if fully

set forth herein.

83. Defendant Rodriguez had no probable cause or legal justification to seize,

search, arrest/detention, or imprison Plaintiff Larry Bethel.

84. Defendant Rodriguez's actions towards Plaintiff Larry Bethel constitute

a false arrest and false imprisonment in violation of the common law of the District

of Columbia.

85. At the time Defendant Rodriguez committed this unlawful conduct towards Plaintiff Larry Bethel, he was acting in the scope of his employment as a police officer employed by the District of Columbia Metropolitan Police Department and was acting on behalf of and in the interests of his employer, Defendant District of Columbia.

86. Defendant Rodriguez's outrageous, unconscionable, and unlawful arrest and detention of Larry Bethel, caused him "mental suffering, including fright, shame and mortification from the indignity and disgrace, consequent upon illegal [arrest and] detention" and to incur legal expenses.

<div align="center">

**COUNT SIX**
**(Defendant Benton's False Arrest**
**of Plaintiff Larry Bethel)**

</div>

87. Plaintiff incorporate by reference each preceding paragraph as if fully set forth herein.

88. Defendant Benton had no probable cause or legal justification to seize or arrest/detain Plaintiff Larry Bethel.

89. Defendant Benton's actions towards Plaintiff Larry Bethel constitute a false arrest in violation of the common law of the District of Columbia.

90. At the time Defendant Benton committed this unlawful conduct towards Plaintiff Larry Bethel, he was acting in the scope of his employment as an asset protection specialist for Home Depot employed by the Home Depot USA a

Delaware Corporation, Inc. and was acting on behalf of and in the interests of his

employer, Home Depot .

91. Defendant Benton's outrageous, unconscionable, and unlawful arrest/detention

of Larry Bethel, caused him "mental suffering, including fright, shame and

mortification from the indignity and disgrace, consequent upon illegal [arrest and]

detention"[3] and to incur other damages.

## COUNT SEVEN
### (Defendants Benton and Rodriguez's
### Malicious Prosecution of Plaintiff Larry Bethel)

92. Plaintiffs incorporate by reference each preceding paragraph as if fully

set forth herein.

93. Defendants Benton and Rodriguez initiated, procured, and advanced a

criminal proceeding against Plaintiff Larry Bethel in the absence of probable cause

for the proceeding and with malicious intent on the part of these Defendants.

94. The criminal proceeding was terminated in favor of Plaintiff Larry Bethel on

grounds that "tend[ed] to indicate the innocence of the accused:" The

Police Department realized it had no probable cause for the arrest of Plaintiff Larry

Bethel and abandoned serving the arrest warrant.

95. Defendants Benton and Rodriguez's actions towards Plaintiff Larry Bethel

constitute a malicious prosecution in violation of the common law of the

District of Columbia.

96. At the time Defendant Rodriguez committed this unlawful conduct

towards Plaintiff Larry Bethel, he was acting in the scope of his employment as a

police officer employed by the District of Columbia Metropolitan Police

Department and was acting on behalf of and in the interests of his employer,

Defendant District of Columbia.

97. As a direct and proximate result of Defendants' wrongful conduct,

Plaintiff Larry Bethel suffered significant emotional pain, physical pain, suffering,

fear and shame, and other damages.

### COUNT EIGHT
### (Defendant Rodriguez's Assault on
### Plaintiffs Larry Bethel)

98. Plaintiff incorporate by reference each preceding paragraph as if fully

set forth herein.

99. On August 20, 2019 and August 22, 2019,  Defendant Rodriguez and/or police

officers acting on his behalf and/or direction, without provocation or a reasonable

or valid basis to do so, engaged in harmful and offensive conduct towards Plaintiff

Larry Bethel when then they appeared at the home of Plaintiff accusing Plaintiff

Larry Bethel of a crime.   The police on August 20, 2019 passed along a threat that

Plaintiff Larry Bethel should surrender himself in response to an invalid warrant

for his arrest.

100. On Between on or about August 20, 2019 thru August 22, 2019, Defendant

Rodriguez and police officers acting on his behalf and/or direction, without

provocation or a reasonable or valid basis to do so, engaged in harmful and

offensive conduct towards Plaintiff Larry Bethel when they demanded that

Plaintiff surrender himself on an arrest warrant that Defendant Rodriguez knew, or

should have known, was invalid.

101. Defendant Rodriguez's actions towards Plaintiff constitute an assault in

violation of the common law of the District of Columbia.

102.  Defendant Rodriguez was aware that Plaintiff had no police record and

although chronologically aged the Plaintiff had no experience with the police.

When the police appear at the home of Plaintiff Bethel in the early morning hours

Witness 1 reported that experience was disquieting and disturbing.  Had Plaintiff

been home he would have most assuredly been touched by the police, frisked,

allowed to dress in police presence and handcuffed. Plaintiff would have been lead

away in handcuffs and placed in a police car for transport.  Defendant Rodriguez

knew or should have known that Plaintiff Bethel would be pursued by the warrant

squad.  These officers are trained to handle and process fugitives and those wanted

with legitimate arrest warrants.

103. At the time Defendant Rodriguez committed this unlawful conduct

towards Plaintiff, he was acting in the scope of his employment as a police officer

employed by the District of Columbia Metropolitan Police Department and was

acting on behalf of and in the interests of his employer, Defendant District of

Columbia.

104. As a direct and proximate result of Defendants' wrongful conduct,

Plaintiff suffered significant emotional pain, physical pain, suffering, fear and

shame, and other damages.

## COUNT NINE
### (Defendant Rodriguez's Negligence
### Toward Plaintiff Larry Bethel)

105. Plaintiff incorporates by reference each preceding paragraph as if fully

set forth herein.

106. The MPD maintains written policies and procedures for the obtaining

and service of search and arrest warrants to which Defendant Rodriguez and all

other Department employees had and have a duty to abide.

107. The MPD's written internal policies and procedures provide that search

and arrest warrants shall only be issued and served based on probable cause that

would lead a reasonable, prudent, and cautious police officer to believe a crime has

been committed.

108. The MPD's written internal policies and procedures also require that

each and every member of the Department who applies for a warrant must

corroborate the facts stated in an affidavit submitted in support of the application

and determine the accuracy, validity, and truthfulness of all information presented.

109. Defendant Rodriguez, acting as an employee for Defendant District of

Columbia in his capacity as a police officer for the District of Columbia, owed a

duty to Plaintiff Larry Bethel to perform his police duties in accordance with the

MPD's internal written policies and procedures and without

violating his constitutional rights under the Fourth Amendment of the United

States Constitution to be secure from state actions that result in unlawful searches,

seizures, and/or arrests made without probable cause and/or based on false

affidavits.

110. Defendant Rodriguez breached his duties to Plaintiff by subjecting him

to unlawful arrests made without probable cause and/or based on false affidavits.

111.  At the time Defendant Rodriguez committed this unlawful conduct

towards Plaintiffs, he was acting in the scope of his employment as a police officer

employed by the District of Columbia Metropolitan Police Department and was

acting on behalf of and in the interests of his employer, Defendant District of

Columbia.

112. As a direct and proximate result of Defendants' wrongful conduct,

Plaintiff suffered significant emotional pain, suffering, fear and shame, and other

damages.

## COUNT TEN
### (Defendant Rodriguez's Negligent Infliction of Emotional Distress on Plaintiff Larry Bethel)

113. Plaintiff incorporates by reference each preceding paragraph as if fully set forth herein.

114. Defendant Rodriguez negligently subjected Plaintiff to an unlawful arrest made without probable cause and/or based on a false affidavit, in violation of his duty owed to Plaintiffs under MPD's internal written policies and procedures, when he sought, obtained, and executed an arrest warrant for Plaintiff Bethel.

115. Defendant Rodriguez negligently subjected Plaintiff Larry Bethel to an unlawful arrest made without probable cause and/or based on a false affidavit, in violation of his duty owed to him under MPD's internal written policies and procedures, when he swore out the false complaint and affidavit that led to the issuance of a warrant for Plaintiff Larry Bethel's arrest and the execution of the arrest warrant.

116. The negligent acts and omissions of Defendant Rodriguez caused serious emotional distress to Plaintiff that a reasonable person in Defendant's position would have foreseen under the circumstances.

117. The conduct of Defendant Rodriguez towards Plaintiffs constitutes the negligent infliction of emotional distress in violation of the common law of the

District of Columbia.

118. At the time Defendant Rodriguez committed this unlawful conduct towards Plaintiff, he was acting in the scope of his employment as a police officer employed by the District of Columbia Metropolitan Police Department and was acting on behalf of and in the interests of his employer, Defendant District of Columbia.

119. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff suffered significant enduring emotional pain and suffering, anxiety, fear and shame, and other damages. Specifically, Plaintiff Larry Bethel has experienced severe insomnia, persistent recurring nightmares, and acute anxiety which affected her to such a degree that he was forced to seek and obtain medical treatment, which is ongoing.

## COUNT ELEVEN
### (Defendants Rodriguez and Benton's Intentional Infliction of Emotional Distress on Plaintiff Larry Bethel)

120. Plaintiff incorporates by reference each preceding paragraph as if fully set forth herein.

121. The conduct of each of these defendants, complained of herein, was extreme and outrageous and intentionally and/or recklessly caused Plaintiff Larry Bethel severe emotional distress.

122. The conduct of Defendants Rodriguez and Benton towards Plaintiff constitutes the intentional infliction of emotional distress in violation of the common law of the District of Columbia.

123. At the time Defendant Rodriguez committed this unlawful conduct towards Plaintiff, he was acting in the scope of his employment as a police officer employed by the District of Columbia Metropolitan Police Department and was acting on behalf of and in the interests of his employer, Defendant District of Columbia.

124. As a direct and proximate result of Defendants' wrongful conduct, especially Defendants' continuous and relentless use of the legal system to harass and persecute Plaintiff Bethel in bad faith and without probable cause, Plaintiff Larry Bethel suffered significant and enduring emotional pain and suffering, anxiety, fear and shame, and other damages. Specifically, Plaintiff Larry Bethel has experienced severe insomnia, persistent recurring nightmares, and acute anxiety which affected him to such a degree that he was forced to seek and obtain medical treatment, which is ongoing..

### COUNT TWELEVE
### (Defendants Rodriguez and Benton's
### Liability for Punitive Damages)

125. Plaintiff incorporates by reference each preceding paragraph as if fully set forth herein.

126. The individual tortious acts and omissions of each Defendant complained of herein were accompanied by fraud, ill will, recklessness, wantonness, oppressiveness, and willful disregard for Plaintiff Bethel's rights.

127. Plaintiff Bethel is entitled to an award of punitive damages against these Defendants under the common law of the District of Columbia in order to punish Defendants' outrageous behavior and to deter them from engaging in such misconduct in the future.

## COUNT THIRTEEN
### (Defendant District of Columbia's False Arrest And False Imprisonment of Plaintiff Larry Bethel)

128. Plaintiff incorporates by reference each preceding paragraph as if fully set forth herein

129. On January 10, 2020, pursuant to D.C. Code § 12-309, Plaintiff Larry Bethel, through counsel, gave the Mayor of the District of Columbia timely written notice of the claims asserted in this count and those that follow.

130. The District officials assigned by the Mayor to investigate Plaintiff's claims failed to interview any party to this action or any witnesses and failed to view the video recording of central importance to the matters at issue in the claims. On January 30, 2020, the District announced that it had "determined the District is not liable because the actions of the MPD officer's  was a valid warrant and they

followed all standard procedures regarding the incident, and denied the claims

(emphasis supplied).

130. This count concerns injuries sustained by Plaintiff Larry Bethel on

and/or after July 19, 2019.

131. Defendant Rodriguez lacked probable cause or legal justification to have

Plaintiff Larry Bethel arrested and jailed on July 19, 2019.

132. Defendant Rodriguez's outrageous, unconscionable, and unlawful arrest

and detention of Larry Bethel, an elderly person, caused him "mental suffering,

including fright, shame and mortification from the indignity and disgrace,

consequent upon illegal [arrest and] detention" and to incur legal expenses.

133. Defendant Rodriguez's actions towards Plaintiff Larry Bethel constitute

a false arrest and false imprisonment in violation of the common law of the District

of Columbia.

134. At the time Defendant Rodriguez committed this unlawful conduct

towards Plaintiff Larry Bethel, he was acting in the scope of his employment as a

police officer employed by the District of Columbia Metropolitan Police

Department and was acting on behalf of and in the interests of his employer,

Defendant District of Columbia.

135. Defendant District of Columbia is vicariously liable for the actions taken by Defendant Rodriguez, including falsely arresting and imprisoning Plaintiff Larry Bethel, under the doctrine of respondeat superior.

136. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Larry Bethel suffered significant emotional pain, physical pain, suffering, fear and shame, and other damages.

<div align="center">

**COUNT FOURTEEN**
**(Defendant District of Columbia's**
**Malicious Prosecution of Plaintiff Larry Bethel)**

</div>

137. Plaintiff incorporates by reference each preceding paragraph as if fully set forth herein.

138. This count concerns injuries sustained by Plaintiff Larry Bethel on and/or after July 19, 2019.

139. Defendant Rodriguez initiated, procured, and advanced a criminal proceeding against Plaintiff Larry Bethel in the absence of probable cause for the proceeding and with malicious intent on the part of this Defendant.

140. The criminal proceeding was terminated in favor of Plaintiff Larry Bethel on grounds that "tend[ed] to indicate the innocence of the accused:"

141. Defendant Rodriguez's actions towards Plaintiff Larry Bethel constitute a malicious prosecution in violation of the common law of the District of Columbia.

142. At the time Defendant Rodriguez committed this unlawful conduct against Plaintiff Larry Bethel, he was acting in the scope of his employment as a police officer employed by the District of Columbia Metropolitan Police Department and was acting on behalf of and in the interests of his employer, Defendant District of Columbia

Columbia.

143. Defendant District of Columbia is vicariously liable for the actions taken by Defendant Rodriguez in maliciously prosecuting Plaintiff Larry Bethel under the doctrine of respondeat superior.

144. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Larry Bethel suffered significant emotional pain, physical pain, suffering, fear and shame, and other damages.

## COUNT FIFTEEN
### (Defendant District of Columbia's Negligence Toward Plaintiff Larry Bethel)

145. Plaintiff incorporates by reference each preceding paragraph as if fully set forth herein.

146 This count concerns injuries sustained by Plaintiff Larry Bethel on and/or after July 19, 2019.

147. The MPD maintains written internal policies and procedures for the

obtaining and service of arrest warrants to which Defendant Rodriguez and all other Department employees had and have a duty to abide.

148. The MPD's written internal policies and procedures provide that arrest warrants shall only be issued and served based on probable cause that would lead a reasonable, prudent, and cautious police officer to believe a crime has been committed.

149. The MPD's written internal policies and procedures also require that each and every member of the Department who applies for an arrest warrant must corroborate the facts stated in the affidavit submitted in support of the application and determine the accuracy, validity, and truthfulness of the information presented.

150. Defendant Rodriguez, acting as an employee for Defendant District of Columbia in his capacity as a police officer for the District of Columbia, owed a duty to Plaintiff Larry Bethel to perform his police duties in accordance with the MPD's written internal policies and procedures and without violating her constitutional rights under the Fourth Amendment of the United States Constitution to be secure from state actions that result in the unlawful arrests made without probable cause or based on false affidavits.

151. Defendant Rodriguez breached his duties to Plaintiff Larry Bethel by subjecting him to an unlawful arrest on July 19, 2019 without probable cause based on his false affidavit.

152. Defendant District of Columbia is vicariously liable for the negligent

acts of Defendant Rodriguez taken against Plaintiff complained of herein under the

doctrine of respondeat superior.

153. As a direct and proximate result of Defendants' wrongful conduct,

Plaintiff Larry Bethel suffered significant emotional pain, suffering, fear and

shame, and other damages.

### COUNT SIXTEEN
### (Defendant District of Columbia's Negligent
### Infliction of Emotional Distress on Plaintiff Larry Bethel)

154. Plaintiff incorporates by reference each preceding paragraph as if fully

set forth herein.

155. This count concerns injuries sustained by Plaintiff Larry Bethel on

and/or after July 15, 2015.

156. Defendant Rodriguez negligently subjected Plaintiff Larry Bethel to an

unlawful search, seizure, and arrest made without probable cause and based on a

false affidavit, in violation of his duty owed to her under MPD's internal written

policies and procedures, when he swore out the false complaint and affidavit that

led to the issuance of a warrant for Plaintiff Larry Bethel's arrest and the execution

of the arrest warrant.

157. The negligent acts or omissions of Defendant Rodriguez caused Plaintiff

Larry Bethel to experience extreme fear for his physical safety when he learned

that he could go to jail for the nonviolent act of physical shoplifting.  Moreover,

Defendant Rodriguez was relying on a third party to provide the necessary facts to

satisfy the criminal elements of shoplifting.

158. The negligent acts and omissions of Defendant Rodriguez caused serious

emotional distress to Plaintiff Larry Bethel that a reasonable person in Defendant's

position would have foreseen under the circumstances.

159. The conduct of Defendant Rodriguez towards Plaintiff Larry Bethel

constitutes the negligent infliction of emotional distress in violation of the common

law of the District of Columbia.

160. At the time Defendant Rodriguez committed this unlawful conduct

towards Plaintiff Larry Bethel, he was acting in the scope of his employment as a

police officer employed by the District of Columbia Metropolitan Police

Department and was acting on behalf of and in the interests of his employer,

Defendant District of Columbia.

161. Defendant District of Columbia is vicariously liable for the conduct

taken by Defendant Rodriguez against Plaintiff Larry Bethel complained of herein

under the doctrine of respondeat superior.

162. As a direct and proximate result of Defendants' wrongful conduct,

Plaintiff Larry Bethel suffered significant and enduring emotional pain and

suffering, anxiety, fear and shame, and other damages. Specifically, Plaintiff Larry

Bethel has experienced severe insomnia, persistent recurring nightmares, and acute

anxiety which affected him to such a degree that he was forced to seek and obtain

medical treatment, which is ongoing.

### COUNT SEVENTEEN
### (Defendant District of Columbia's Intentional
### Infliction of Emotional Distress on Plaintiff Larry Bethel)

163.  Plaintiff incorporates by reference each preceding paragraph as if fully

set forth herein.

164. This count concerns injuries sustained by Plaintiff Larry Bethel on

and/or after July 19, 2019.

165. Defendant Rodriguez's conduct complained of herein was extreme and

outrageous and intentionally and/or recklessly caused Plaintiff Larry Bethel severe

emotional distress.

166.   Moreover, Defendant Rodriguez knew, or should have known, that

Plaintiff Larry Bethel was particularly susceptible to emotional distress due to her

advanced age.[17]

167. The conduct of Defendant Rodriguez towards Plaintiffs constitutes the

intentional infliction of emotional distress in violation of the common law of the

District of Columbia.

168. At the time Defendant Rodriguez committed this unlawful conduct

towards Plaintiffs, he was acting in the scope of his employment as a police officer

employed by the District of Columbia Metropolitan Police Department and was

acting on behalf of and in the interests of his employer, Defendant District of

Columbia.

169. Defendant District of Columbia is vicariously liable for the conduct

taken by Defendant Rodriguez against Plaintiff Larry Bethel complained of herein

under the doctrine of respondeat superior.

170. As a direct and proximate result of Defendants' wrongful conduct,

Plaintiff Larry Bethel suffered significant and enduring emotional pain and

suffering, anxiety, fear and shame, and other damages. Specifically, Plaintiff Larry

Bethel has experienced severe insomnia, persistent recurring nightmares, and acute

anxiety which affected him to such a degree that he was forced to seek and obtain

medical treatment, which is ongoing.

## COUNT EIGHTEEN
### (Defendant Rodriguez's DEFAMATION PER SE on Plaintiff Larry Bethel)

171.  Plaintiff incorporates by reference each preceding paragraph as if fully

set forth herein.

172.  The Statements individually and collectively are false, and were false when

made. The Statements are defamatory falsehoods, which Defendant Rodriguez

knew or should have known were false when made.

173. Defendants made the Statements with actual malice and wrongful and willful intent to injure Plaintiff.

174. The Statements impute to Plaintiff Bethel a criminal violation of the District of Columbia Code for which, if true, he may be punished by a fine and imprisonment.

175. The Statements were made with reckless disregard for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation and rights of the Plaintiff Bethel.


### COUNT NINETEEN
**(Defendant Benton's DEFAMATION PER SE on Plaintiff Larry Bethel)**

176.  Plaintiff incorporates by reference each preceding paragraph as if fully set forth herein.

177.  The Statements individually and collectively are false, and were false when made. The Statements are defamatory falsehoods, which Defendant Rodriguez knew or should have known were false when made.

178. Defendants made the Statements with actual malice and wrongful and willful intent to injure Plaintiff.

179. The Statements impute to Plaintiff Bethel a criminal violation of the District of Columbia Code for which, if true, he may be punished by a fine and imprisonment.

180. The Statements were made with reckless disregard for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation and rights of the Plaintiff Bethel.

## COUNT TWENTY
**(Defendant District of Columbia's DEFAMATION PER SE on Plaintiff Larry Bethel)**

181.  Plaintiff incorporates by reference each preceding paragraph as if fully set forth herein.

182.  The Statements individually and collectively are false, and were false when made. The Statements are defamatory falsehoods, which Defendant Rodriguez knew or should have known were false when made.

183. Defendants made the Statements with actual malice and wrongful and willful intent to injure Plaintiff.

184. The Statements impute to Plaintiff Bethel a criminal violation of the District of Columbia Code for which, if true, he may be punished by a fine and imprisonment.

185. The Statements were made with reckless disregard for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation and rights of the Plaintiff Bethel.

## COUNT TWENTY
## (Defendant Home Depot's DEFAMATION PER SE on Plaintiff Larry Bethel)

186.  Plaintiff incorporates by reference each preceding paragraph as if fully

set forth herein.

187.  The Statements individually and collectively are false, and were false when

made. The Statements are defamatory falsehoods, which Defendant Rodriguez

knew or should have known were false when made.

188. Defendants made the Statements with actual malice and wrongful and willful

intent to injure Plaintiff.

189. The Statements impute to Plaintiff Bethel a criminal violation of the District

of Columbia Code for which, if true, he may be punished by a fine and

imprisonment.

190. The Statements were made with reckless disregard for their truth or falsity or

with knowledge of their falsity and with wanton and willful disregard of the

reputation and rights of the Plaintiff Bethel.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(a) enter judgment against Defendants;

(b) enter a declaratory judgment declaring that the actions of Defendants

Rodriguez and the District of Columbia violated Plaintiffs' constitutional rights

under the Fourth Amendment of the United States Constitution;



7/19/2019 9:31:35 AM

Exhibit
I



More saving.
More doing.™

901 RHODE ISLAND AVE
WASHINGTON, DC 20018 (202-526-876

2583 00003 77697        07/19/19  09:  31
CASHIER TANYA

084691830685 AEL06LX <A>           219.00
  AEL06LX
RSN: 5    AMT OFF  MKDN            -31.00
MAX REFUND VALUE $189.00

                    SUBTOTAL       189.00
                    SALES TAX       11.34
                    TOTAL         $200.34
XXXXXXXXXXXX7521 VISA
                              USD$ 200.34
AUTH CODE                              IA

2583 03 77697 07/19/2019 4354

RETURN POLICY DEFINITIONS
POLICY ID    DAYS    POLICY EXPIRES ON
A     1       90           10/17/2019

****************************************
        DID  WE  NAIL  IT?
Take a short survey for a chance TO WIN
  A $5,000 HOME DEPOT GIFT CARD

        Opine en español

        www.homedepot.com/survey

    User ID: HXY 158266 155686
    PASSWORD: 19369 155683

Entries must be completed within 14 days
of purchase. Entrants must be 18 or
older to enter. See complete rules on
website. No purchase necessary.

Exhibit
2



**Bank of America**

**CASH REWARDS**
Visa Signature®



BANK OF AMERICA

**Customer Service Information:**
www.bankofamerica.com
1.800.421.2110
TTY: 1.800.346.3178
**Mail billing inquiries to:**
Bank of America
P.O. Box 982234
El Paso TX 79998-2234
**Mail payment to:**
Bank of America
P.O. Box 15019
Wilmington DE 19886-5019

```
                    1      22734 #@01 AB 0.412
```

LARRY D BETHEL
3047 VISTA ST NE
WASHINGTON DC 20018-4011

July 11 - August 10, 2019
Account# ~ \ ~ \ ~ \ ~

## Account Summary

| | |
|---|---|
| Previous Balance | $2,800.44 |
| Payments and Other Credits | −$500.00 |
| Purchases and Adjustments | $477.85 |
| **Fees Charged** | $0.00 |
| **Interest Charged** | **$41.36** |
| New Balance Total | $2,819.65 |
| Total Credit Line | $14,000.00 |
| Total Credit Available | $11,180.35 |
| Cash Credit Line | $3,600.00 |
| Portion of Credit Available for Cash | $3,600.00 |
| Statement Closing Date | 08/10/2019 |
| Days in Billing Cycle | 31 |

## Payment Information

| | |
|---|---|
| New Balance Total | $2,819.65 |
| Current Payment Due | $69.00 |
| Total Minimum Payment Due | $69.00 |
| Payment Due Date | 09/07/2019 |

**Late Payment Warning:** If we do not receive your Total Minimum Payment by the date listed above, you may have to pay a late fee of up to **$39.00** and your APRs may be increased up to the Penalty APR of **29.99%**. **Total Minimum Payment Warning:** If you make only the Total Minimum Payment each period, you will pay more in interest and it will take you longer to pay off your balance.  For example:

| If you make no additional charges using this card and each month you pay | You will payoff the balance shown on this statement in about | And you will end up paying an estimated total of |
|---|---|---|
| Only the Total Minimum Payment | 14 years | $5,876.00 |
| $101.00 | 36 months | $3,636.00 (Savings = $2,240.00) |

**If you would like information about credit counseling services, call 866.300.5238.**

10

*Exhibit 3*

BANK OF AMERICA
P.O. BOX 15019
WILMINGTON DE 19886-5019

LARRY D BETHEL
3047 VISTA ST NE
WASHINGTON DC 20018-4011

Account Number: ~

| | |
|---|---|
| New Balance Total | $2,819.65 |
| Total Minimum Payment Due | $69.00 |
| Payment Due Date | 09/07/2019 |

Enter payment amount    $

*For change of address/phone number, see reverse side.
Make your payment online at www.bankofamerica.com or*
**Mail this coupon along with your check payable to: Bank of America**

LARRY D BETHEL  |  Account # 4 ⋯ ⋯ 1  |  July 11 - August 10, 2019



# Transactions

| Transaction Date | Posting Date | Description | Reference Number | Account Number | Amount | Total |
|---|---|---|---|---|---|---|
| | | **Payments and Other Credits** | | | | |
| 07/12 | 07/12 | MD Banking Center payment | 0167 | 7521 | −200.00 | |
| 07/26 | 07/26 | MD Banking Center payment | 6981 | 7521 | −100.00 | |
| 08/09 | 08/09 | MD Banking Center payment | 4470 | 7521 | −200.00 | |
| | | TOTAL PAYMENTS AND OTHER CREDITS FOR THIS PERIOD | | | | −$500.00 |
| | | **Purchases and Adjustments** | | | | |
| 07/19 | 07/22 | THE HOME DEPOT 2583     WASHINGTON   DC | 7512 | 7521 | 200.34 | |
| 07/29 | 07/29 | TICKETS          866-237-6204 CT | 7788 | 7521 | 217.51 | |
| 07/30 | 07/31 | ELMO W CRAWFORD DDS     WASHINGTON   DC | 0041 | 7521 | 60.00 | |
| | | TOTAL PURCHASES AND ADJUSTMENTS FOR THIS PERIOD | | | | $477.85 |
| | | **Interest Charged** | | | | |
| 08/10 | 08/10 | INTEREST CHARGED ON PURCHASES | | | 41.36 | |
| 08/10 | 08/10 | INTEREST CHARGED ON BALANCE TRANSFERS | | | 0.00 | |
| 08/10 | 08/10 | INTEREST CHARGED ON DIR DEP&CHK CASHADV | | | 0.00 | |
| 08/10 | 08/10 | INTEREST CHARGED ON BANK CASH ADVANCES | | | 0.00 | |
| | | TOTAL INTEREST CHARGED FOR THIS PERIOD | | | | $41.36 |

| 2019 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2019 | $0.00 |
| Total interest charged in 2019 | $314.63 |

# Interest Charge Calculation

Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate | Promotional Transaction Type | Promotional Offer ID | Promotional Rate End Date | Balance Subject to Interest Rate | Interest Charges by Transaction Type |
|---|---|---|---|---|---|---|
| Purchases | 17.24% V | | | | $   2,824.96 | $      41.36 |
| Balance Transfers | 17.24% V | | | | $   0.00 | $   0.00 |
| Direct Deposit and Check Cash Advances | 20.24% V | | | | $   0.00 | $   0.00 |
| Bank Cash Advances | 27.24% V | | | | $   0.00 | $   0.00 |

APR Type Definitions  Daily Interest Rate Type: V= Variable Rate (rate may vary)

Exhibit
3A

## CCN #19127017 — PUBLIC INCIDENT REPORT

| REPORT DATE / TIME | DISTRICT / PSA | EVENT START DATE / TIME – EVENT END DATE / TIME | INCIDENT STATISTICS |
|---|---|---|---|
| Jul 20, 2019 09:22 | Fifth District / 505 | Jul 19, 2019 09:14 – Jul 19, 2019 09:31 | |
| RESPONDING OFFICER | | WEATHER | |
| Jose Rodriguez (#7114) – MPD | | Clear, | |
| ASSISTING OFFICER (ASSIST TYPE) | | | |

| TELETYPE DATE / TIME | TELETYPE # | PERSON NOTIFIED AT TELETYPE | SHOTS FIRED | SHOTS EFFECT |
|---|---|---|---|---|
| | | | ☐ YES ☒ NO | ☐ YES ☒ NO |

## REPORTING PERSON

NAME

R-1 Nelson Benton

## OFFENSE #1 – 19127017

OFFENSE

Theft Second Degree (all Other Larceny) (22DC3211,3212B)

| OFFENSE CASE STATUS | OFFENSE COMPLETION |
|---|---|
| Cleared By Arrest (Aug 21, 2019) | ☒ COMPLETED   ☐ ATTEMPTED |

OFFENSE LOCATION

901 RHODE ISLAND AVENUE NE, WASHINGTON, DC 20018   **Type:** Department/ Discount/ Store   **Public/Private:** Private   **PSA:** 505   **District:** Fifth District

| LOCATION TYPE | POSITION (BEHIND, FRONT, INSIDE, SIDE) |
|---|---|
| Department/ Discount/ Store | Inside |

LOCATION DESCRIPTION

| AGGRAVATED ASSAULT FACTORS/HOMICIDE FACTORS | OFFENSE PROPERTIES |
|---|---|
| HATE BIAS/MOTIVIATION | |
| WEAPON/FORCE INVOLVED | |
| CRIMINAL ACTIVITIES | MODUS OPERANDI |

| FORCED ENTRY | # OF PREMISES | SECURITY SYSTEM | CARGO THEFT |
|---|---|---|---|
| ☐ YES ☐ NO | | | ☐ YES ☒ NO |

NEGLIGENT MANSLAUGHTER CIRCUMSTANCE

BUILDING INHABITED (ARSON)

## VICTIMS

| ORGANIZATION NAME | ORGANIZATION ADDRESS |
|---|---|
| Home Depot | 900 BLK RHODE ISLAND AVENUE NE, WASHINGTON, DC 20018, UNITED STATES, 900 BLK RHODE ISLAND AVENUE NE, WASHINGTON, DC 20018, UNITED STATES |

## PROPERTY & ITEMS

| STATUS / REASON FOR CUSTODY | DESCRIPTION | QTY. | DECLARED / FORFEITURE VALUE |
|---|---|---|---|
| Stolen | AIR CONDITION UNIT | 1 | 398 / 398 |

## CCN #19127017 – PUBLIC NARRATIVE

W1 (asset protection specialist for Home Depot) was conducting routine surveillance of the sales floor when he observed S1 select a Window A/C unit and place it into a shopping cart. S1 then was observed walking towards the main entrance where he passes all points of sale and exits the store with the stolen merchandise. W1 responded outside and observed S1 enter a gold colored Toyota bearing DC tags of ES4837.

A Wales check of the tags revealed that the operator of the vehicle is that of Larry Bethel with a DOB of 10/16/1953 and a DC Drivers license of #2527437.

*Exhibit 4*



www.mpdc.dc.gov

DCPolice    @DCPoliceDept

@police    dcpolicedept

OfficialDCPolice

# METROPOLITAN POLICE DEPARTMENT
WASHINGTON, DC

## Dena Hubbard / Harmon
Officer 202-604-9073

Badge #2609

dena.hubbard@dc.gov

CCN #

DISTRICT/UNIT:

Exhibit
5

Exhibit 5



**HAVE A TIP?**

CALL

**(202) 727-9099**

TEXT

**50411**

# MPD's REWARDS PROGRAM

**Up to $25,000 | Homicide** Information leading to the arrest and conviction of a suspect or suspects in a homicide case, offered by MPD.

**Up to $10,000 | Shooting/Armed Robbery** Information leading to the arrest and conviction of suspect(s) in a shooting, armed robbery or robbery resulting in injuries, offered by MPD.

**Up to $2,500 | Gun Seizure** Information leading to the seizure of an illegal firearm, offered by MPD.

**$1,000 | General Crime Tips** Anonymous tips and information leading to the arrest and indictment of a suspect, offered by Crimesolvers of Washington, DC.

More at mpdc.dc.gov/tiplines and mpdc.dc.gov/crimesolvers

Exhibit
5A

*Law Offices*

## BYNUM & JENKINS

*Attorneys at Law*

A GROUP OF PROFESSIONAL CORPORATIONS
1010 CAMERON STREET
*Alexandria, VA 22314*
*Telephone:703-549-7211*
*FAX: 703-549-7701*
*www.bynumandjenkinslaw.com*

RECV'D JAN 10 '20 PM 12:5

DC OFFICE OF RISK MGMT

KENNETH D. BYNUM + *
ROBBERT L. JENKINS, JR. + °
RONALD DIXON *

DC OFFICE
*1667 K STREET, NW*
SUITE  677
*Washington, DC 20006*

Keith Waters*—
OF COUNSEL

+ VIRGINIA
* DISTRICT OF COLUMBIA
° U.S.DISTRICT COURT
-- MARYLAND

January 10, 2020

Muriel Bowser, Mayor
441 4th Street N.W.
Washington, D.C. 20001
Attention: Risk Management

RE: Mr. Larry Bethel, July 19, 2019, incident at
Home Depot Retail Store District of Columbia
901 Rhode Island Ave. N.E. WDC 20009
Notice of Lawsuit of Defamation, False
Swearing and Intentional Infliction of
Emotional Distress; False Arrest
Metropolitan Police Department Criminal
Complaint Number CCN 19-127017; Arrest
warrant number for Larry Bethel
2019CCW004297
12 D.C. Code 309 Notice to the District of
Columbia

Dear Mayor Bowser:

Pursuant to 12 D.C. Code 309 this office notifies the District of Columbia that it represents
Mr. Larry Bethel, who was in the Home Depot Store located in the District of Columbia, 901
Rhode Island Ave. N.E. WDC, on July 19, 2019, at approximately 9:30 A.M. to purchase a room
air conditioner. Mr. Bethel browsed the store found the section with the room air conditioners,
and selected a room air conditioner that would fit in his window.

Mr. Bethel, with the air conditioner in a shopping cart, went directly to the store check-out,
paid for the item with is credit card, received a receipt **(SEE Exhibit 1)** and left the store with his
property. Mr. Bethel was monitored by a Home Depot store security special police officer who
watched Mr. Bethel shop, select an item, proceed to the store check out to pay for the same. This
security officer monitored all of Mr. Bethel's movements in the store by surveillance camera and
physically followed him to the store parking lot. He got a description of Mr. Bethel, his vehicle,
with the tag number and later reported to the Metropolitan Police Department that Mr. Bethel
had stolen the air conditioner.

Exhibit
6

1

<center>**Bynum & Jenkins**</center>
<center>*Attorneys At Law*</center>

The security officer swore falsely that Mr. Bethel had not paid for the air conditioner and assisted the police in obtaining an arrest warrant for Mr. Bethel.  The Criminal Complaint Number for this incident is CCN 19-127017, Arrest Warrant number 2019 CCW004297. (**SEE Exhibit 2 A-E)** The Police searched for Mr. Bethel and on August 20, 2019, went to his home in the early morning hours to arrest him.  Mr. Bethel was not home but the Police, based upon the statements and evidence supplied by the security officer, informed the occupants at Mr. Bethel's residence that he was wanted by the police for theft from Home Depot.  The police also conducted a search of the area asking those present if they knew Mr. Bethel and advising that he (Mr. Bethel) was wanted by the Police.  Mr. Bethel was contacted by the police and directed to surrender himself in response to the arrest warrant that was out for him. (**SEE Exhibit 3)** Mr. Bethel complied.

The security officer, Mr. Nelson Benton, an employee of Home Depot knew or should have known that Mr. Bethel paid for the air conditioner.  His false report on behalf of Home Depot caused Mr. Bethel embarrassment, anxiety, loss of sleep, depression, and fear.  Mr. Bethel is consulting a professional counselor.  Home Depot is put on notice of Mr. Bethel's intent to file legal claims against it and the District of Columbia, including but not limited to defamation, intentional infliction of emotional distress, false swearing and false arrest.  Home Depot did not train or exercise appropriate supervision of the security officer, its employee, to guard against negligent misidentification of shoplifters.  This failure is the proximate cause of Mr. Bethel's emotional distress.  The Metropolitan Police Department is also negligent in failing to train its' members on investigation and service of search warrants.

Here sworn members went to the home of Mr. Bethel demanding to know where he was and by their presence, hour of the visit to Mr. Bethel's home, their clear statement to the residents of Mr. Bethel's home they wanted to arrest him for an offense he did not commit.  A card was left with a resident of Mr. Bethel's home advising that Mr. Bethel should come into the 5th Police District to be arrested pursuant to an arrest warrant that was obtained for him by Officer Jose Rodriguez badge 7114.

Mr. Bethel asks that The Metropolitan Police Department preserve any and all surveillance tapes of this incident, written report, recorded telephone calls, still photos, and statements about this incident.  A demand of one million dollars ($1,000,000.00) is hereby made to Home Depot Inc. and the District of Columbia jointly and severally.

Please contact this office upon receipt of this notice/claim.

<div align="right">Sincerely,</div>

Ronald Dixon
Counsel for Larry Bethel
Bynum & Jenkins
1010 Cameron Street
Alexandria, Va. 22134
703 549-7211
703 549-7701  (fax)
rdixon@bynumandjenkinslaw.com

<center>2</center>



More saving.
More doing.™

901 RHODE ISLAND A.E
WASHINGTON, DC 20018 (202 526-8 5
2583 00003 77697          07 19/19  07: 1
CASHIER TANYA

008469182 6889 AEL06LX <A>
  AEL06LX                          219.00
RSN: 5     AMT OFF  MKDN
MAX REFUND VALUE $189.0C        -30 00

              SUBTOTAL        189.00
              SALES TAX        11.34
              TOTAL          $200.34
XXXXXXXXXXXX7521 VISA        $200.34

AUTH CODE                    USD$ 200.34
                                 TA



2583 03 77697 07/19/2019 4354

RETURN POLICY DEFINITIONS
POLICY ID   DAYS   POLICY EXPIRES ON
A      1      90        10/17/2019

**************************************
DID  WE  NAIL  IT?

Take a short survey for a chance TO WIN
A $5,000 HOME DEPOT GIFT CARD

Opine en español

www.homedepot.com/survey

User ID: HXY 158266 155686
PASSWORD: 19369 155683

Entries must be completed within 14 days
of purchase. Entrants must be 18 or
older to enter. See complete rules on
website. No purchase necessary.

CCN #19127017 – Event # 19127017                                      Metropolitan Police Department

## CCN #19127017 – OFFENSE REPORT

| REPORT DATE / TIME | DISTRICT / PSA | EVENT START DATE / TIME - EVENT END DATE / TIME | INCIDENT STATISTICS |
|---|---|---|---|
| Jul 20, 2019 09:22 | Fifth District / 505 | Jul 19, 2019 09:14 - Jul 19, 2019 09:31 | |

| RESPONDING OFFICER | | WEATHER | |
|---|---|---|---|
| Jose Rodriguez (#7114) – MPD | | Clear | |

ASSISTING OFFICER (ASSIST TYPE)

| TELETYPE DATE / TIME | TELETYPE # | PERSON NOTIFIED AT TELETYPE | SHOTS FIRED | SHOTS EFFECT |
|---|---|---|---|---|
| | | | ☐ YES ☒ NO | ☐ YES ☒ NO |

WAS A STOP INVOLVED?
☐ YES ☒ NO

## OFFENSE #1 – 19127017

| OFFENSE | | OFFENSE COMPLETION |
|---|---|---|
| Theft Second Degree [all Other Larceny] [22DC3211,3212B] | | ☒ COMPLETED ☐ ATTEMPTED |

OFFENSE CASE STATUS
Open

OFFENSE LOCATION
901 RHODE ISLAND AVENUE NE, WASHINGTON, DC 20018   **Type:** Department/ Discount/ Store   **Public/Private:** Public   **PSA:** 505   **District:** Fifth District

| LOCATION TYPE | POSITION (BEHIND, FRONT, INSIDE, SIDE) |
|---|---|
| Department/ Discount/ Store | Inside |

LOCATION DESCRIPTION

| AGGRAVATED ASSAULT FACTORS/HOMICIDE FACTORS | OFFENSE PROPERTIES |
|---|---|

HATE BIAS/MOTIVATION

| WEAPON/FORCE INVOLVED | GANG INFORMATION |
|---|---|

| CRIMINAL ACTIVITIES | MODUS OPERANDI |
|---|---|

| FORCED ENTRY | # OF PREMISES | SECURITY SYSTEM | CARGO THEFT |
|---|---|---|---|
| ☐ YES ☐ NO | | | ☐ YES ☒ NO |

NEGLIGENT MANSLAUGHTER CIRCUMSTANCE                                BUILDING INHABITED (ARSON)

## SUSPECTS

| SUSPECT NAME-1 (LAST, FIRST MIDDLE) | DOB / ESTIMATED AGE RANGE | SEARCH WAS PERFORMED | STATEMENT TAKEN |
|---|---|---|---|
| S-1 Bethel, Larry | ( | ☐ YES ☒ NO | ☐ YES ☒ NO |

| SEX | RACE / ETHNICITY | HEIGHT | WEIGHT | EYES |
|---|---|---|---|---|
| Male | Black | 5 ft 8 in – 6 ft 0 in | 200 lbs min weight: 250 lbs | Brown |

| CLOTHING (HAT, JACKET, PANTS, COAT/SUIT, SHIRT/BLOUSE, SKIRT/DRESS) | HAIR | SKIN TONE |
|---|---|---|
| | Black, Short/collar Length, Crew Cut | Dark |

SUSPECTED OF:
☐ CONSUMING ALCOHOL ☐ USING DRUGS

| DESCRIPTION/IDENTIFYING MARKS | TICKET # / FINE AMOUNT | VENDOR # |
|---|---|---|

## VICTIMS

| VICTIM NAME | ORGANIZATION TYPE | INDUSTRY | STATEMENT TAKEN |
|---|---|---|---|
| V-1 Home Depot 901 Rhode Island Ave NE | Business | Building Materials | ☐ YES ☒ NO |

| PHONE | EMAIL | |
|---|---|---|

CCN #19127017  –  Event # 19127017                                    t

Metropolitan Police Department

901 RHODE ISLAND AVENUE NE, WASHINGTON, DC 20018  **Type:** Department/ Discount/ Store  **Public/Private:** Public  **PSA:** 505  **District:** Fifth District

## WITNESSES

| WITNESS NAME (LAST, FIRST MIDDLE) | | | | |
|---|---|---|---|---|
| W-1 Benton, Nelson | | | WAS ARCH WAS READ/GIVEN? YES ☒ NO | STATEMENT TAKEN? YES ☒ NO |
| SEX Male | RACE / ETHNICITY Black / Not Hispanic Or Latino | PHONE (202) 526-8760 (Work Phone ) | EMAIL | |
| HOME ADDRESS | | | | |

## PROPERTY & ITEMS

| STATUS / PERSON WITH CUSTODY | DESCRIPTION | | QTY | UNCLAIMED / PROPERTY THE VALUE |
|---|---|---|---|---|
| Stolen | AIR CONDITION UNIT | | 1 | 398 / 398 |

| REPORTING OFFICER SIGNATURE / DATE | | TO REVIEWER SIGNATURE / DATE | |
|---|---|---|---|
| Jose Rodriguez (#7114)   07/20/2019 (e-signature) | | Araz Alali (#8984)   07/20/2019 (e-signature) | |
| PRINT NAME Jose Rodriguez (#7114) | | PRINT NAME Araz Alali (#8984) | |

CCN #19127017 – Event # 19127017

Metropolitan Police Department

## CCN #19127017 – PUBLIC NARRATIVE

W1 (asset protection specialist for Home Depot) was conducting routine surveillance of the sales floor when he observed S1 select a Window A/C unit and place it into a shopping cart. S1 then was observed walking towards the main entrance where he passes all points of sale and exits the store with the stolen merchandise. W1 responded outside and observed S1 enter a gold colored Toyota bearing DC tags of ES4837.

A Wales check of the tags revealed that the operator of the vehicle is that of Larry Bethel with a                    l and a DC Drivers license of #2527437.

## CCN #19127017 – INTERNAL NARRATIVE

Reporting officer will be applying for a warrant.

Video Surveillance captured the incident take place

REPORTING OFFICER SIGNATURE / DATE
Jose Rodriguez (#7114)   07/20/2019 (e-signature)
PRINT NAME
Jose Rodriguez (#7114)

SUPERVISOR SIGNATURE / DATE
Araz Alali (#8984)   07/20/2019 (e-signature)
PRINT NAME
Araz Alali (#8984)

## APPROVAL HISTORY

Report Submitted by Jose Rodriguez (#7114)
Jul 20, 2019 17:45

Report Returned to Draft by Jose Rodriguez (#7114)
Jul 20, 2019 17:51

Report Submitted by Jose Rodriguez (#7114)
Jul 20, 2019 18:04

Report Completed by Araz Alali (#8984)
Jul 20, 2019 14:25

CCN #19127017  —  Event # 19127017

Metropolitan Police Department

## Larry Bethel



**Larry Bethel**

TRUE NAME

DATE OF BIRTH   AGE RANGE          AGE       ...          CITIZEN

## PROFILE INFO

BIRTH INFO

| | | |
|---|---|---|
| SEX | Male | |
| RACE / ETHNICITY | Black | |
| MAIDEN NAME | | |
| NEEDS INTERPRETER | | |
| LANGUAGES SPOKEN | | |
| MARITAL STATUS | | |
| SSN # | | |
| DRIVER'S LICENSE | | |
| HEIGHT | 5 ft 8 in – 6 ft 0 in | |
| WEIGHT | 200 lbs min weight: 250 lbs | |
| SKIN TONE | Dark | |
| EYES | Brown | |
| HAIR | Black, Short/collar Length, Crew Cut | |
| FACIAL HAIR | | |
| VISION | | |
| BUILD | Heavy | |
| PHYSICAL CHAR | | |
| IDENTIFYING MARKS | | |
| BEHAVIORAL CHAR | | |
| MOOD | | |
| MODUS OPERANDI | | |
| SKILLS | | |
| PROBATION TYPE | | |
| MISC. DESCRIPTION | | |

EMAIL

PHONES

ADDRESS (HOME)    3047 VISTA STREET NE, WASHINGTON, DC 20018
PSA: 503
District: Fifth District
Private
Residence/ Home

ADDRESS (WORK)

EMERGENCY CONTACT

RESIDENT OF JURIS

MILITARY SERVICES

EMPLOYMENT

CLOTHING

CCN #19127017 — Event # 19127017

Metropolitan Police Department

# AIR CONDITION UNIT

ITEM CATEGORY
OWNER

DESCRIPTION
AIR CONDITION UNIT

DECLARED VALUE    FORFEITURE VALUE
$398                          $398

## ITEM / PROPERTY INFO

COLOR

SECONDARY COLOR

QUANTITY          1

SIZE

SERIAL #

BIOHAZARD        No

PROPERTY STATUS        STOLEN Stolen (07/19/2019)

REASON FOR CUSTODY

NCIC SEARCH #

NCIC #

DATE RECOVERED

RECOVERING OFC.

RECOVERING PERSON

RECOVERED ADDRESS

OWNER        Home Depot 901 Rhode Island Ave NE

OWNER NOTIFIED

DATE / TIME NOTIFIED

NOTIFIER NAME

STORAGE FACILITY

LOCATION

INTAKE PERSON

LOG BOOK # / PG.        /

LOGBOOK LOCATION

CLAIMANT

DATE CLAIMED

STATEMENT OF FACTS

CCN #19127017 – Event # 19127017

Metropolitan Police Department

## CCN #19127017 – Report History

AUTHORS

Jose Rodriguez (#7114)

---

India Garnett (#8929) added attribute to 901 RHODE ISLAND AVENUE NE, WASHINGTON, DC 20018, UNITED STATES
Jul 23, 2019 07:53

LOCATION PROPERTY TYPE    Public

India Garnett (#8929) removed attribute from 901 RHODE ISLAND AVENUE NE, WASHINGTON, DC 20018, UNITED STATES
Jul 23, 2019 23:53

LOCATION PROPERTY TYPE    Private

APPROVED by Araz Alali (#8984)
Jul 20, 2019 14:27

Jose Rodriguez (#7114) submitted the report for approval
Jul 20, 2019 09:64

REASON FOR CHANGE

Jose Rodriguez (#7114) changed Event # 19127017
Jul 20, 2019 09:63

INTERNAL NARRATIVE      Reporting officer will be applying for a warrant. Video Surveillance captured the incident take place

EXTERNAL NARRATIVE      W1 (asset protection specialist for Home Depot) was conducting routine surveillance of the sales floor when he observed S1 select a Window A/C unit and place it into a shopping cart. S1 then was observed walking towards the main entrance where he passes all points of sale and exits the store with the stolen merchandise. W1 responded outside and observed S1 enter a gray gold colored Nissan Toyota Altima bearing MD DC tags of 3VPS2Y, ES4837 . A Wales check of the tags revealed that the operator of the vehicle is that of Larry Bethel with a          and a DC Drivers license of

Jose Rodriguez (#7114) returned report to draft mode
Jul 20, 2019 10:01

Jose Rodriguez (#7114) submitted the report for approval
Jul 20, 2019 09:55



METROPOLITAN POLICE DEPARTMENT
WASHINGTON, DC

**Dena Hubbard** / Hormon
Officer 2.c.2 604-9673

Badge #2664

dena.hubbard@dc.gov

CCN #

DISTRICT/UNIT:

www.mpd.dc.gov

**HAVE A TIP?**
CALL
(202) 727-9099

TEXT
50411

**Up to $25,000 | Homicide** information leading to the arrest and conviction of a suspect or suspects in a homicide case, offered by MPD.

**Up to $10,000 | Shooting/Armed Robbery** information leading to the arrest and conviction of a suspect(s) in a shooting, armed robbery or robbery resulting in injuries, offered by MPD.

**Up to $2,500 | Gun Seizure** information leading to the seizure of an illegal firearm, offered by MPD.

**$1,000 | General Crime Tips** Anonymous tips and information leading to the arrest and indictment of a suspect, offered by Crimesolvers of Washington, DC.

 ★ ★ ★
**GOVERNMENT OF THE DISTRICT OF COLUMBIA** 
OFFICE OF RISK MANAGEMENT

**Jed Ross**
**Chief Risk Officer**

January 15, 2020

Law Offices
Bynum & Jenkins
Attn: Ronald Dixon
1010 Cameron Street
Alexandria, VA 22314

| | |
|---|---|
| **Your Client:** | Larry Bethel |
| **Date & Time of Loss:** | 7/19/2019 |
| **Our Claim Number:** | GL-20-000237 |
| **Location of Loss:** | 901 Rhode Island Ave NE, Washington, DC 20018-1733 |
| **Description of Loss:** | False Arrest / Defamation |

Dear Ronald Dixon:

This will acknowledge receipt of your correspondence notifying our office of a claim against the District of Columbia. This claim has been assigned to Claims Specialist Robert Carter who can be reached at 202-727-8265 or robert.carter@dc.gov for investigating and processing. The assigned Claim Number **GL-20-000237**.

An inquiry will be submitted to the involved agency seeking any/all information that they have regarding this incident. The involved agency will be given a minimum of thirty (30) days to respond to our request. Please wait at least forty-five (45) days after receipt of this letter before reaching out to the assigned Claim Specialist for a status of your claim.

If you have not already done so, please send the following information to expedite the claims process:
- Your client's complete index information
- Photographs of the incident scene, damaged property, and/or injuries
- Any and all medical records and bills if claiming injury
- Police Reports and/or any and all documents which may bear on the validity or amount of this claim (proof of expenses, invoice, estimates, receipts, etc.)

This letter does not waive the District of Columbia's right to timely and complete notice within six months of the incident as required by D.C. Code Section 12-309.

Very truly yours,

*[signature]*

DCORM Tort Liability Division

"WARNING: It is a crime to provide false or misleading information to the District of Columbia Government, or to any department or agency thereof, regarding any claim upon or against the District of Columbia, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent. Such an act is subject to imprisonment of not more than one year and a fine of not more than $100,000 for each violation".

441 Fourth Street, NW, Suite 800 South | Washington, DC 20001 | Tel: (202) 727-8600 | http://orm.dc.gov/

★ ★ ★
WE ARE
WASHINGTON
DC

Exhibit
7



**GOVERNMENT OF THE DISTRICT OF COLUMBIA**

OFFICE OF RISK MANAGEMENT

Jed Ross
Chief Risk Officer

January 30, 2020

Bynum & Jenkins
1010 Cameron Street
Alexandria, VA  22314

Claimant:       Larry Bethel
Event Date:     July 19, 2019
Claim Number:   GL-20-000237

Dear Mr. Ronald Dixon:

This letter is in response to the claim received in The D.C. Office of Risk Management (ORM) on January 10, 2020, whereby you allege that Metropolitan Police Department (MPD) officers falsely arrested your client, related to a reported theft by Home Depot Security Employee Nelson Benton.

It is ORM's intent to consider for payment only those claims to which we find the District of Columbia to be legally liable.

ORM's investigation indicates that the facts contained therein do not indicate any liability on the part of the District of Columbia, or any of its employees.  ORM has determined that MPD officers had a valid warrant and followed all standard procedures regarding the above incident. We conclude that their actions were justified and within departmental policy.

Therefore, based on the available information, ORM has determined that the District of Columbia is not liable for this loss and is unable to consider your client's claim for damages.

Very truly yours,

Robert Carter
Claim Specialist
202-727-8265

Exhibit 8


received 2/7/20

441 Fourth Street, NW, Suite 800 South | Washington, DC 20001 | Tel: (202) 727-8600 | http://orm.dc.gov/

WE ARE
WASHINGTON
DC

*Law Offices*
### BYNUM & JENKINS
*Attorneys at Law*
A GROUP OF PROFESSIONAL CORPORATIONS
1010 CAMERON STREET
*Alexandria, VA 22314*
*Telephone 703-549-7211*
*FAX: 703-549-7701*
*www.bynumandjenkinslaw.com*

KENNETH D. BYNUM + *
ROBBERT L. JENKINS, JR. + °
RONALD DIXON *

+ VIRGINIA
* DISTRICT OF COLUMBIA
° U.S. DISTRICT COURT
-- MARYLAND

DC OFFICE
*1667 K STREET, NW*
SUITE 677
*Washington, DC 20006*

Keith Waters*—
OF COUNSEL

October 1, 2019

Corporation Service Company
Registered Agent for the Home Depot Inc.
1090 Vermont Ave. N.W.
Washington, D.C. 20005

RE: Mr. Larry Bethel, July 19, 2019, incident at
Home Depot Retail Store District of Columbia
901 Rhode Island Ave. N.E. WDC 20009
Notice of Lawsuit of Defamation, False
Swearing and Intentional Infliction of
Emotional Distress; Metropolitan Police
Department Criminal Complaint Number CCN
19-127017; Arrest warrant number for Larry
Bethel 2019CCW004297

Dear Sir/Madame:

This office represents Mr. Larry Bethel, who was in the Home Depot Store located in the
District of Columbia, 901 Rhode Island Ave. N.E. WDC, on July 19, 2019, at approximately
9:30 A.M. to purchase a room air conditioner.  Mr. Bethel browsed the store found the section
with the room air conditioners, and selected a room air conditioner that would fit in his window.

Mr. Bethel, with the air conditioner in a shopping cart, went directly to the store check-out
paid for the item with is credit card, received a receipt and left the store with his property.  Mr.
Bethel was monitored by a Home Depot store security special police officer who watched Mr.
Bethel shop, select an item, proceed to the store check out to pay for the same.  This security
officer monitored all of Mr. Bethel's in store activities by surveillance camera and physically
followed him to the store parking lot.  He got a description of Mr. Bethel, his vehicle, with the
tag number and later reported to the Metropolitan Police Department that Mr. Bethel had stolen
the air conditioner.

The security officer swore falsely that Mr. Bethel had not paid for the air conditioner and
assisted the police in obtaining an arrest warrant for Mr. Bethel.  The Criminal Complaint
Number for this incident is CCN 19-127017, Arrest Warrant number 2019 CCW004297.  The
Police searched for Mr. Bethel and on August 20, 2019, went to his home in the early morning

1

Exhibit
9

*Bynum and Jenkins*

hours to arrest him. Mr. Bethel was not home but the Police, based upon the statements and evidence supplied by the security officer, informed the occupants at Mr. Bethel's residence that he was wanted by the police for theft from Home Depot. The police also conducted a search of the area asking those present if they knew Mr. Bethel and advising that he (Mr. Bethel) was wanted by the Police. Mr. Bethel was contacted by the police and directed to surrender himself in response to the arrest warrant that was out for him. Mr. Bethel complied.

The security officer, Mr. Nelson Benton, an employee of Home Depot knew or should have known that Mr. Bethel paid for the air conditioner. His false report on behalf of Home Depot caused Mr. Bethel embarrassment, anxiety, loss of sleep, depression, and fear. Mr. Bethel is consulting a professional counselor. Home Depot is put on notice of Mr. Bethel's intent to file legal claims against it and the District of Columbia, including but not limited to defamation, intentional infliction of emotional distress and false swearing. Home Depot did not train or exercise appropriate supervision of the security officer, its employee, to guard against negligent misidentification of shoplifters. This failure is the proximate cause of Mr. Bethel's emotional distress.

Mr. Bethel asks that Home Depot preserve any and all surveillance tapes of this incident, written report, recorded telephone calls, still photos, and statements about this incident. A demand of one million dollars ($1,000,000.00) is hereby made to Home Depot Inc. and the District of Columbia jointly and severably.

Please contact this office upon receipt of this notice/claim.

Sincerely,

Ronald Dixon
Counsel for Larry Bethel
Bynum & Jenkins
1010 Cameron Street
Alexandria, Va. 22134
703 549-7211
703 549-7701 (fax)
rdixon@bynumandjenkinslaw.com

2