UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY BETHEL,<br><br>*Plaintiff*,<br><br>v.<br><br>JOSE RODRIGUEZ, *et al.*,<br><br>*Defendants*. | Case No. 1:20-cv-1940-RC |

**DEFENDANTS JOSE RODRIGUEZ AND THE DISTRICT OF COLUMBIA'S JANUARY 28, 2026 UPDATED PROPOSED NON-STANDARD JURY INSTRUCTIONS**

**Proposed Non-Standard Jury Instruction No. 11: Common Interest Privilege**

When police officers make allegedly defamatory statements in good faith and pursuant to their official duties as police officers by the District of Columbia government, the statements are qualifiedly privileged by the common interest privilege. A statement is protected by the common interest privilege, as a defense to a claim for defamation, if it is (1) made in good faith; (2) on a subject in which the party communicating has an interest, or in reference to which he has or honestly believes he has a duty; and (3) to a person with a corresponding interest or duty. If you find that Officer Rodriguez's statements were in line with his duties as a police officer, and that his statements were only communicated with others in law enforcement, including prosecutors and judges, then the qualified privilege applies to Officer Rodriguez's statements.

The Defendant bears the burden of proving the elements of the common interest privilege. The burden of defeating the privilege is on the Plaintiff by showing excessive publication or publication with malice.

Unless you find that Officer Rodriguez acted with malice in accusing Mr. Benton of theft, then the common interest privilege applies and Officer Rodriguez is not liable for defamation. The Court has already ruled as a matter of law that the only republication at issue is whether the statements made in the warrant application submitted by Officer Rodriguez were made with recklessness or malice.

**Authority:**

*Payne v. Clark*, 25 A.3d 918, 925 (D.C. 2011); *Moss v. Stockard*, 580 A.2d 1011, 1024 (D.C. 1990) (quoting RESTATEMENT (SECOND) OF TORTS, title B introductory note (1977)); *Jackson v. District of Columbia*, 541 F. Supp. 2d 334, 344–45 (D.D.C. 2008); Memorandum Opinion at 33, n.21, ECF No. 70 (Sep. 20, 2023).